IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERT G. HILL, III, § § *Plaintiff*, § § v. § § CRAIG WATKINS, TERRI MOORE, § RUSSELL WILSON, MARGARET § KELIHER, HEATHER HILL § WASHBURNE, ELISA HILL § SUMMERS, RAY WASHBURNE, § ALINDA WILKERT, LYDA HILL, § DAVID PICKET, TY MILLER, JOY § WALLER, PBL MULTI-STRATEGY § FUND, L.P., THOMAS TATHAM, AND § CHESTER DONNALLY, § § *Defendants*. § | Civil Action No. 4:19-CV-2528 |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(a), Defendants Margaret Keliher, Heather Hill Washburne, Elisa Hill Summers, Ray Washburne, Alinda Wikert, Lyda Hill, David Pickett, Ty Miller, Joy Waller, Thomas Tatham, and Chester Donnally (collectively, the "*Defendants*") file this Notice of Removal.

### I.   REMOVAL IS TIMELY

Plaintiff Albert G. Hill, III ("*Hill III*") filed this lawsuit on June 5, 2019.

Defendants accepted service as of June 12, 2019.[1]

Defendants are filing this Notice of Removal within the 30-day time period required by 28

---

[1] **Exhibit D-7**, Notice of Filing of Rule 11 Agreement (6-13-19) (regarding Defendants accepting service).

Page 1

U.S.C. § 1441(b)(1).

## II.   RELATED CASES IN THE NORTHERN DISTRICT OF TEXAS (DALLAS DIVISION)

This case is related to: 1) Civil Action No. 3:07-CV-02020, *Hill v. Schilling et al.*, Northern District of Texas (Dallas Division), which is currently pending before the Honorable District Court Judge Sam A. Lindsay; and 2) Civil Action No. 3:17-CV-494, *Hill v. Watkins, et al.,* Northern District of Texas (Dallas Division), which was previously pending before the Honorable District Court Judge Sam A. Lindsay.

Defendants intend to file a motion to transfer this removed case to the Northern District of Texas (Dallas Division), specifically to the Honorable District Court Judge Sam A. Lindsay.

## III.   REMOVAL IS PROPER

Removal is proper because Hill III's lawsuit in Harris County involves a federal question and involves extraordinary circumstances as set forth below.  28 U.S.C. § 1331, 1367, 1441(a).

**A.   The 2020 Action**

In May 2010, Hill III agreed to a settlement of many lawsuits in exchange for receiving over one hundred million dollars, and entered into a Global Settlement and Mutual Release Agreement (the "***GSA***") in Civil Action No. 3:07-CV-02020, *Hill v. Schilling et al*. (the "***2020 Action***"), in the Northern District of Texas (Dallas Division) (the "***Federal Court***") (2020 Action ECF 879) with many of the defendants he is now suing again.  The Federal Court incorporated the GSA into a Final Judgment (the "***Final Judgment***"), which was issued on November 8, 2010 (2020 Action ECF 999).  In the GSA and the Final Judgment, Hill III released many of the defendants he is now suing again in this case—including Defendants Margaret Keliher, Heather Washburne, Elisa Summers, Ray Washburne, Alinda Wikert, Lyda Hill, David Pickett, Ty Miller, and Joy Waller—and he agreed and covenanted not to sue them on such released claims.  2020

Action ECF 999 ¶¶ 35, 45.

In its Final Judgment, which is based on a settlement by the parties to the 2020 Action as evidenced by the GSA, the Federal Court expressly retained continuing and exclusive jurisdiction over its Final Judgment, the GSA, and the parties.  2020 Action ECF 999 ¶ 45.

On June 5, 2019, Hill III filed Plaintiff's Original Petition in this case (Cause No. 2019-38645, *Albert G. Hill, III v. Watkins, et al.*, 127th District Court, Harris County, Texas (the "**Houston Lawsuit**")) in which he is collaterally attacking the 2010 settlement, the GSA, and the Final Judgment.  That is, in the Houston Lawsuit, Hill III is attacking, and seeking to unravel and set aside the provisions of the settlement, the GSA, and the Final Judgment, namely the releases and covenants not to sue to which he agreed in 2010.

In the Houston Lawsuit, despite the releases and covenants not to sue he gave in the settlement which are incorporated in the Federal Court's November 2010 Final Judgment, Hill III is asserting claims for malicious prosecution, conspiracy, and aiding, abetting, and substantial assistance[2] arising out of actions that took place before the Federal Court issued its November 2010 Final Judgment[3] (which incorporated the GSA settling various lawsuits), and he is further alleging these actions were purportedly undertaken "[t]o retaliate against [Hill III] and to gain an advantage in those civil cases"[4] which he settled with the 2010 settlement, GSA, and Final Judgment.

Hill III's claims in the Houston Lawsuit satisfy the requirements of *Baccus v. Parrish*, 45 F.3d 958, 960 (5th Cir. 1995).[5]  In *Baccus*, the district court refused to remand the appellants' case

---

[2] **Exhibit D-1**, Plaintiff's Original Petition at 17 ¶¶ 65, 66, 67.
[3] *Id*. at 7 ¶ 29; *id*. at 7 ¶ 30; *id*. at 9 ¶ 37; *id*. at 7 ¶ 34.
[4] *Id*. at 1 ¶ 1.
[5] Defendants are aware of the United States Supreme Court's holdings in *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002) and in *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998).  Post-*Syngenta* and post-*Rivet*, the Fifth Circuit has not overruled the *Baccus* decision, which supports removal here.  *See*

because it deemed their cause of action to be a collateral attack on a federal settlement agreement, finding federal question jurisdiction may be found where a claim seeks to set aside a provision of a settlement agreement in a federal case. The Fifth Circuit in *Baccus* then held "taking the appellants' pleadings as a whole, it is clear that the thrust of their claim is an attack on the settlement agreement in *Lelsz*, and as such, the district court properly denied the appellants' motion to remand." *Id*. at 961. Here, Hill III is doing the same with his Houston Lawsuit as he is seeking to attack, set aside, and unravel the 2010 settlement, GSA, and Final Judgment. As the Fifth Circuit determined in *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255 (5th Cir. 2014), "In *Baccus* we affirmed the removal of a state-law, non-diverse case because '[f]ederal jurisdiction is proper where a claim brought in state court seeks to attack or undermine an order of a federal district court.' *Id.* at 960. We further held that 'federal jurisdiction ... may also be found where a claim seeks to set aside a provision of a settlement agreement in a federal case.'" *Id.* at 739 F.3d at 261 (quoting *Baccus*, 45 F.3d at 960).

Moreover, this case presents extraordinary circumstances that further support removal of this case.[6] Hill III has repeatedly and relentlessly attempted to attack, set aside, unravel, circumvent, and breach the GSA and the Final Judgment. In fact, the Federal Court has repeatedly

---

*Energy Mgmt. Servs.*, 739 F.3d at 261 ("In *Baccus* we affirmed the removal of a state-law, non-diverse case because "[f]ederal jurisdiction is proper where a claim brought in state court seeks to attack or undermine an order of a federal district court." *Id.* at 960. We further held that "federal jurisdiction ... may also be found where a claim seeks to set aside a provision of a settlement agreement in a federal case." *Id.* However, we have since held that the Supreme Court's ruling in *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), "calls into doubt the holding of *Baccus*." *Texas v. Real Parties in Interest,* 259 F.3d 387, 394 n. 10 (5th Cir. 2001). We need not consider the extent to which *Baccus* is still good law in light of *Rivet* and *Syngenta Crop Protection,* however, because EMS's suit does not satisfy the requirements of *Baccus.* EMS does not seek to attack, unravel, or set aside any provision of the *City v. CLECO* settlement.").
[6] *Texas v. Real Parties In Interest*, 259 F.3d 387, 395 (5th 2001) ("we will not decide today whether, under 'extraordinary circumstances,' that case may be 'removed' to federal court under the All Writs Act.").

found Hill III to be a vexatious litigant.[7]  For example, in the 2020 Action, the Federal Court held:

> ***Recognizing the significant impact of Hill III's vexatious filings on the court's already strained judicial resources***, the court has previously put Hill III and his counsel on notice of the possible imposition of sanctions for continued use of dilatory litigation tactics and ***submission of frivolous and vexatious filings***.[8]

After the death of his father (Hill Jr.), and in direct violation of the GSA and Final Judgment, Hill III also filed a will contest in Probate Court No. 2 of Dallas County, Texas.  On December 7, 2018, the Federal Court issued a Memorandum Opinion and Order granting a Motion to Enforce the Final Judgment and GSA relating to Hill III's will contest (the "***Will Contest Order***")[9] again finding Hill III to be a vexatious litigant: "The court also concludes that an injunction is required ***to deter and prevent future litigation of previously decided issues by a vexatious litigant***."[10]

In fact, the Federal Court has repeatedly found that Hill III's unrelenting post-Final Judgment actions were frivolous:

> Further, having considered the Hills's Motion for Recusal under the well-established parameters of 28 U.S.C. § 455(a) and (b)(1), *see supra*, ***the court finds that the motion is patently frivolous and totally without merit***. The Hills's renewed attempt to oust Magistrate Judge Toliver, based on her July 23, 2015 in-court statements, is not only without any basis in law or fact, but has also caused the court and the opposing parties to expend resources and time addressing a motion that

---

[7] On June 7, 2019, the Hill Jr. Defendants sought leave of the Federal Court in the 2020 Action seeking to file a Motion to Enjoin Vexatious Litigant Albert G. Hill, III from Vexatious Litigation, relating to the filing of the Houston Lawsuit.  *See* 2020 Action, ECF 1956.  The Hill Jr. Defendants' motion for leave is still pending before the Court.
[8] 2020 Action, ECF 1920 at 16 (emphasis added); *see also id.* at 12 ("During the eight-year period of post-judgment litigation, the court has repeatedly admonished Hill III, his wife Erin Hill, and their legal team that it will not hesitate to impose sanctions ***if these vexatious filings and dilatory tactics continue***.") (emphasis added).
[9] 2020 Action, ECF 1919.
[10] 2020 Action, ECF 1919 at 12 (emphasis added); *see also id.* at 18 ("Hill III's decision to contest Hill Jr.'s Will in Probate Court and his current appeal of [Probate Court] Judge Warren's Will Contest Order and Order Admitting Will to Probate are further explicit examples of his failure to abide by the terms of the Settlement Agreement and Final Judgment. ***Based on Hill III's documented history of vexatious litigation*** and the court's continuing jurisdiction over the Settlement Agreement and Final Judgment, the court concludes that an injunction is required to preserve and protect its jurisdiction over the Settlement Agreement and Final Judgment.") (emphasis added).

does not even marginally assert a colorable claim for recusal. This case has consumed an inordinate amount of the court's scarce judicial resources. ***Notwithstanding the undersigned's prior directives, as well as the Fifth Circuit's admonitions, the Hills and their counsel continue to use motion practice to frustrate and thwart the court's implementation of the Settlement Agreement and Final Judgment and continue to unreasonably and vexatiously multiply these proceedings by filing frivolous motions***, as exemplified by the current recusal motion. For these reasons, the court will issue a separate show cause order today directing counsel for the Hills, namely, Mr. John Da Grosa Smith and Ms. Kristina M. Jones of Smith LLC, and local counsel Mr. Michael Mowla, to show cause why monetary sanctions, attorney's fees and costs, and any other sanctions the court deems appropriate, should not be imposed against them for unreasonably and vexatiously multiplying proceedings under 28 U.S.C. § 1927, and for violating Federal Rule of Civil Procedure 11(b)(1)-(b)(3) ***by filing the patently frivolous Motion for Recusal***.[11]

Highlighting the extraordinary circumstances of Hill III's litigation attacking, and seeking to unravel set aside, and upset, the 2010 settlement, the GSA, and the Final Judgment, with the Will Contest Order in the 2020 Action, the Federal Court has already permanently enjoined Hill III from pursing, and required Hill III to dismiss, a state court will contest in Probate Court No. 2 of Dallas County in PR-17-04117-2 and any state court appeal taken from the Probate Court's order dismissing his will contest:

> The court, therefore, **grants** Washburne and Summers' Application for Permanent Injunction, joined by Keliher, and **orders and decrees** that Hill III, Erin Hill, Albert G. Hill, IV, Nance Haroldson Hill, and CMH, and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, directly or indirectly (the "Enumerated Persons"), are **hereby permanently enjoined and prohibited as of the date of**

---

[11] 2020 Action, ECF 1658 at 12-13 (emphasis added); *see also* 2020 Action, ECF 1659 at 6 ("***Previously, the Court determined that Hill III was unreasonably and vexatiously multiplying the proceedings by filing frivolous motions***, ECF 1658 at 12-13, and issued a Show Cause Order describing the Court's prior warnings to Hill III, ECF 1659 at 4-6 (quoting ECF 1476, ECF 1477, and the Fifth Circuit), for Hill III's counsel to show cause why monetary sanctions, attorneys' fees and costs, and any other sanctions the court deems appropriate, ***should not be imposed against them for unreasonably and vexatiously multiplying proceedings under 28 U.S.C. § 1927***, and for violating FRCP 11(b)(1)-(b)(3) by filing the patently frivolous Motion for Recusal."); *Hill v. Schilling*, 593 F. App'x 330, 335 (5th Cir. 2014) (quoting *Hill v. Schilling*, No. 3:07-CV-2020-L, 2014 U.S. Dist. LEXIS 53155, 2014 WL 1516193, *6 (N.D. Tex. April 17, 2014)) ("However, we will take this opportunity to remind Hill III of the warning that the district court recently issued to the parties in this case — the district court 'will impose sanctions' for any motion that is '*baseless, frivolous, or without merit* . . .' Hill III is well-advised 'not to test the court's patience in this regard.'") (emphasis added).

**this Permanent Injunction from violating the Final Judgment (Doc. 999) or breaching the Settlement Agreement (Doc. 879) by:**

(1)   contesting Hill Jr.'s Will in any manner, including, without limitation, contesting whether Hill Jr. lacked testamentary capacity to execute the Will, whether Hill Jr. signed the Will, whether Hill Jr. revoked, modified, and/or suspended the Will, and continuing to challenge Keliher's appointment as Independent Executor with his Will Contest in the Probate Court or in any other court;

(2)   appealing the October 11, 2018 Will Contest Order issued by Judge Ingrid M. Warren in Probate Court No. Two of Dallas County, Texas in *Estate of Albert Galatyn Hill, Jr., Deceased*, PR-17-04117-2; and

(3)   appealing the October 11, 2018 Order Admitting Will to Probate and Authorizing Letters Testamentary issued by Judge Ingrid M. Warren in Probate Court No. Two of Dallas County, Texas in *Estate of Albert Galatyn Hill, Jr., Deceased*, PR-17-04117-2.

Further, the Enumerated Persons are hereby **ordered** to take steps **forthwith** to **dismiss** or **withdraw** the Will Contest filed in the Probate Court in PR-17-04117-2 and any appeal taken therefrom, and are further **ordered** to provide to the court by **December 17, 2018**, written, satisfactory proof that said dismissals or withdrawals have been accomplished.

Further, counsel for the Enumerated Persons, Thomas M. Farrell, Esq. of the law firm McGuire Woods and Emil Lippe, Jr., Esq. of the law firm Lippe & Associates, or any other counsel acting on behalf of the Enumerated Persons, are hereby **ordered** to take steps **forthwith** to **dismiss** or **withdraw** the Will Contest filed in the Probate Court in PR-17-04117-2 and any appeal taken therefrom filed for or on behalf of the Enumerated Persons. Thomas M. Farrell, Esq. of the law firm McGuire Woods and Emil Lippe, Jr., Esq. of the law firm Lippe & Associates are further **ordered** to provide the court by **December 17, 2018**, written, satisfactory proof that said dismissals or withdrawals have been accomplished.

Thomas M. Farrell, Esq. of the law firm McGuire Woods and Emil Lippe, Jr., Esq. of the law firm Lippe & Associates, and any attorneys, agents, employees, or representatives associated with or in privity with them, or any other counsel acting on behalf of the Enumerated Persons, are further **enjoined** from filing, pursuing, or prosecuting any action in law or in equity, in state or federal court, for or on behalf of the Enumerated Persons, or any person or entity related to or in privity with them, relating to any claim that violates the terms of the Settlement Agreement or Final Judgment.

> **The court expects total compliance with its decision and permanent injunction. If any enjoined person or entity fails to follow or violates the court's instructions or directives as herein set forth, such person or entity will be subject to further appropriate sanctions, including contempt of court.**[12]

Hill III then filed a motion to stay the injunction in the Federal Court, which the Federal Court denied:

> Having considered the relevant factors, the court, in carefully exercising its discretion, **concludes** that Hill III has not shown he is entitled to a stay of enforcement of the court's Permanent injunction Order (Doc. 1919).
>
> \* \* \*
>
> For these reasons, the court hereby **denies** Hill III's Emergency Motion to Stay Memorandum [Opinion] and Order and Incorporated Brief in Support (Doc. 1921). **The court will not entertain any further motions to stay its order granting injunctive relief.**[13]

Hill III then filed an emergency motion to stay the Will Contest Order in the United States Court of Appeals for the Fifth Circuit, which the Fifth Circuit denied, and Hill III eventually complied with the Will Contest Order by dismissing his state court will contest in Probate Court No. 2 and his dismissing his state court appeal of the Probate Court's order.[14]

Also highlighting the extraordinary circumstances of Hill III's litigation in general is the sheer number of lawsuits Hill III has filed in Dallas County in this family litigation as evidenced by extensive list of lawsuits.[15]

---

[12] 2020 Action, ECF 1919 at 30-31 (emphasis in original).
[13] 2020 Action, ECF 1924.
[14] 2020 Action, ECF 1934-1 at 53-54.
[15] Lawsuits filed by Hill III in Dallas County state and federal courts regarding the Hill family litigation: **(1)** Civil Action No. 07-CV-02020, *Albert G. Hill, III, individually, as a beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, individually as a beneficiary of the Haroldson Lafayette Hunt Jr. Trust Estate, and derivatively on behalf of the Haroldson Lafayette Hunt Jr. Trust Estate v. Tom Hunt, individually and in his capacity as Trustee of the Margaret Hunt Trust Estate and as Trustee of the Haroldson L. Hunt, Jr. Trust Estate, William Schilling, individually and in his capacity as a member of the Advisory Board of the Margaret Hunt Trust Estate and as a member of the Haroldson L. Hunt, Jr., Trust Estate, Ivan Irwin, Jr., Albert G. Hill, Jr., Alinda H. Wikert, Lyda Hill, Heather V.*

B.   **The 494 Action**

Notably, in 2017, Hill III filed Civil Action No. 3:17-CV-494, *Hill v. Watkins, et al.,*

---

*Washburne, and Elisa M. Summers, and Margaret Hunt Trust Estate and Haroldson L. Hunt, Jr. Trust Estate,*, United States District Court for the Northern District of Texas (**Dallas Division**) (sometimes referred to as *Hill v. Hunt*, sometimes referred to as *Hill v. Schilling*, sometimes referred to as *Hill v. Keliher*); **(2)** Cause No. DC-07-13192, *Albert G. Hill, III, individually, as a beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, individually as a beneficiary of the Haroldson Lafayette Hunt Jr. Trust Estate, and derivatively on behalf of the Haroldson Lafayette Hunt Jr. Trust Estate v. Tom Hunt, individually and in his capacity as Trustee of the Margaret Hunt Trust Estate and as Trustee of the Haroldson L. Hunt, Jr. Trust Estate, William Schilling, individually and in his capacity as a member of the Advisory Board of the Margaret Hunt Trust Estate and as a member of the Haroldson L. Hunt, Jr., Trust Estate, Ivan Irwin, Jr., Albert G. Hill, Jr., Alinda H. Wikert, Lyda Hill, Heather V. Washburne, and Elisa M. Summers, and Margaret Hunt Trust Estate and Haroldson L. Hunt, Jr. Trust Estate,* 116th District Court, Dallas County, Texas, 14th District Court, **Dallas County**, Texas; **(3)** Cause No. DC-08-01862, *Albert G. Hill, III, individually, as a beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, individually as a beneficiary of the Haroldson Lafayette Hunt Jr. Trust Estate, and derivatively on behalf of the Haroldson Lafayette Hunt Jr. Trust Estate v. Tom Hunt, individually and in his capacity as Trustee of the Margaret Hunt Trust Estate and as Trustee of the Haroldson L. Hunt, Jr. Trust Estate, William Schilling, individually and in his capacity as a member of the Advisory Board of the Margaret Hunt Trust Estate and as a member of the Haroldson L. Hunt, Jr., Trust Estate, Ivan Irwin, Jr., Albert G. Hill, Jr., Alinda H. Wikert, Lyda Hill, Heather V. Washburne, and Elisa M. Summers, and Margaret Hunt Trust Estate and Haroldson L. Hunt, Jr. Trust Estate,* 116th District Court, **Dallas County**, Texas; **(4)** Cause No. DC-08-02187, *Albert G. Hill, III v. Lyda Hill*, 160th District Court, **Dallas County**, Texas; **(5)** Cause No. DC-08-02578-C, *Albert G. Hill, III v. Albert G. Hill, Jr.*, 68th District Court, **Dallas County**, Texas; **(6)** Cause No. DC-08-02907-M, *Albert G. Hill, III v. Chester John Donnally, Jr.*, 298th District Court, **Dallas County**, Texas; **(7)** Cause No. PR-09-00506-3, *Albert G. Hill, III v. Albert G. Hill, Jr.*, Probate Court No. 3, **Dallas County**, Texas; **(8)** Cause No. PR-09-1165-3, *Albert G. Hill, III v. Albert G. Hill, Jr.*, Probate Court No. 3, **Dallas County**, Texas; **(9)** Cause No. DC-08-02910-F, *Albert G. Hill, III v. Albert G. Hill, Jr.*, 116th District Court, **Dallas County**, Texas; **(10)** Cause No. DC-08-02915, *Albert G. Hill, III v. Albert G. Hill, Jr.*, 162nd District Court, **Dallas County**, Texas; **(11)** Cause No. PR-08-02253-2, *Albert G. Hill, III v. Joyce Waller, Individually, and as Trustee of the Al G. Hill, III 2006 Trust,* Probate Court No. 2, **Dallas County**, Texas; **(12)** Cause No. DC-08-02911-E, *Albert G. Hill, III v. Joyce Waller*, 101st District Court, **Dallas County**, Texas; **(13)** Civil Action No. 3:17-CV-494, *Albert G. Hill, III v. Craig Watkins, Albert G. Hill, Jr., Lyda Hill, Alinda Wikert, Lisa Blue Baron, Charla Aldous, Stephen Malouf, Michael Lynn, Jeffrey Tillotson, Donna Strittmatter, Stephanie Martin, Terri Moore, Hoyt Hoffman, Mo Brown, Randall Thompson, Edith Santos, David Pickett, Albert Hill Trust, Ty Miller, and Branch Banking & Trust Company*, in the United States District Court for the Northern District of Texas (**Dallas Division**); **(14)** Cause No. PR-18-02199-2, *Albert G. Hill, III, et al. v. Tyree B. Miller, Margaret Keliher, Chester J. "Don" Donnally, Jr., Ivan Irwin, Jr., Deceased, Thomas P. Tatham, David Picket, Joyce Waller, Joe O'Brien, Heather Hill Washburn, individually and as next friend of Andrew Washburne and Mary Washburne, Hill Washburne, Elisa Hill Summers, individually and as next friend of Emily Summers, Camille Summers, and Stephen Summers, and Al G. Hill, Jr., Family Foundation,* Probate Court No. 2 of **Dallas County**, Texas; **(15)** Cause No. PR-18-02074-2, *Albert G. Hill, III, et al. v. Tyree B. Miller, Margaret Keliher, Chester J. "Don" Donnally, Jr., Ivan Irwin, Jr., Thomas P. Tatham, Heather Hill Washburn, individually and as next friend of Andrew Washburne and Mary Washburne, Hill Washburne, Elisa Hill Summers, individually and as next friend of Emily Summers, Camille Summers, and Stephen Summers*, Probate Court No. 2 of **Dallas County**, Texas.

Northern District of Texas (Dallas Division) (the "**494 Action**"). Despite the releases and covenants not to sue Hill III gave in the 2010 settlement, which are incorporated in the Federal Court's November 2010 Final Judgment in the 2020 Action discussed above, Hill III sued many of the same people he released in the 2020 Action—including Lyda Hill, Alinda Wikert, David Pickett, Ty Miller, and Joy Waller[16]—in the 494 Action for the same actions he contends took place before the Federal Court issued its November 2010 Final Judgment.[17]

Moreover, in the 494 Action, which arises out of the exact same facts and circumstances as the Houston Lawsuit, Hill III contended that the Federal Court in Dallas had federal jurisdiction over his claims, which he summarized as "all of the Defendants have conspired to assist or have actively assisted the malicious prosecution of the Plaintiff [Hill III] on bogus criminal charges."[18]

### IV. ALL DEFENDANTS CONSENT TO REMOVAL

All of the defendants in this lawsuit—Craig Watkins, Terri Moore, Russell Wilson, Margret Keliher, Heather Hill Washburne, Elisa Hill Summers, Ray Washburne, Alinda Wikert, Lyda Hill, David Pickett, Ty Miller, Joy Waller, PBL Multi-Strategy Find, L.P., Thomas Tatham, and Chester Donnally—have consented to removal and authorized the Hill Jr. Defendants to represent their consent of this removal to the Court.

All pleadings, process, orders, and other filings served on the Defendants in the state court action are attached to this notice of removal as required by 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81.

---

[16] Joy Waller is not listed in the style of the 494 Action on the first page of 494 ECF 21, but she is listed as a defendant in Paragraph 33 on Page 7 of the 494 ECF 21.
[17] *Compare*, *e.g.*, 494 ECF 21 at 15 ¶ 52 and 494 ECF 21 at 20 ¶ 63 *with* **Exhibit D-1**, Plaintiff's Original Petition at 7 ¶ 29; *id*. at 7 ¶ 30; *id*. at 9 ¶ 37.
[18] 494 Action ECF 21 at 24 ¶ 71.

Venue is proper in the Southern District of Texas (Houston Division) for removal pursuant to 28 U.S.C. § 1441(a), because the Southern District of Texas (Houston Division) is the district and division that embraces the place where the removed action has been pending: Harris County, Texas. 28 U.S.C. § 124(b)(2).

Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

### V.　　**JURY DEMANDED BY PLAINTIFF IN STATE COURT**

Plaintiff Hill III demanded a jury in the state court action.

### VI.　　**CONCLUSION AND PRAYER**

Removal is proper as Defendants have filed this notice of removal within 30 days of service; filed their notice of removal in the Southern District of Texas (Houston Division) which is the district and division that embraces where the state court action was pending (Harris County); attached all pleadings, process, orders, and other filings served on the Defendants in the state court as required by 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81; and complied with the other requirements of 28 U.S.C. § 1446.

For the reasons set forth herein, Defendants respectfully request and pray that the Court grant this motion, remove this case, and grant Defendants any and all such other and further relief, at law or in equity, to which the Court finds Defendants justly entitled.

Dated: July 12, 2019

Respectfully submitted,

*/s/ G. Michael Gruber*
**G. MICHAEL GRUBER**
State Bar No. 08555400
E-mail: gruber.mike@dorsey.com
**BRIAN E. MASON**
State Bar No. 24079906
E-mail: mason.brian@dorsey.com
**DORSEY & WHITNEY, LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
Telephone: 214.981.9900
Facsimile: 214.981.9901
**ATTORNEYS FOR MARGARET KELIHER AND TY MILLER**

*/s/ Tom M. Dees, III*
**TOM M. DEES, III**
State Bar No. 24034412
E-mail: tdees@hallettperrin.com
**HALLETT & PERRIN, PC**
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Telephone: 214.953.0053
Facsimile: 214.953.4142
**ATTORNEY FOR HEATHER HILL WASHBURNE, ELISA HILL SUMMERS, AND RAY WASHBURNE**

*/s/ Michael J. Lang*
**MICHAEL J. LANG**
State Bar No. 24036944
E-mail: mlang@cwl.law
**ALEXANDRA J. OHLINGER**
State Bar No. 24091423
E-mail: aohlinger@cwl.law
**CRAWFORD, WISHNEW & LANG PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: 214.817.4500
Facsimile: 214.817.4509
**ATTORNEYS FOR DAVID PICKETT, JOY WALLER, THOMAS TATHAM, AND CHESTER DONNALLY**

*/s/ Carrie L. Huff*
**CARRIE L. HUFF**
State Bar No. 10180610
E-mail: carrie.huff@haynesboone.com
**HAYNES AND BOONE, LLP**
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone: 214.651.5000
Facsimile: 214.651.5940
**ATTORNEY FOR ALINDA HILL WIKERT AND LYDA HILL**

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2019, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ G. Michael Gruber*
G. MICHAEL GRUBER